# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

No. 11-60764
Summary Calendar

February 22, 2013

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WENDELL G. BLOUNT,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:09-CR-136-1

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Wendell G. Blount was convicted after a jury trial of (1) operating a motor vehicle under the influence of alcohol or other impairing substance that in a negligent manner caused the death of another in violation of Section 63-11-30 of the Mississippi Code, which was incorporated into federal law pursuant to the Assimilative Crimes Act (ACA), 18 U.S.C. §§ 7(3) & 13, and (2) involuntary manslaughter pursuant to 18 U.S.C. § 1112(a). The evidence established that Blount, while driving a vehicle under the influence of prescription morphine on

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the Natchez Trace Parkway (the "Trace"), fatally struck Esther Hageman as she rode her bicycle. Prior to sentencing, the district court dismissed the involuntary manslaughter count as multiplicitous. The district court upwardly varied from the guidelines range of imprisonment and sentenced Blount to 120 months of imprisonment on the remaining count.

Blount argues that the district court erred by refusing to allow testimony from witnesses who would have testified that, nearly five miles from the scene of the accident and roughly 30 minutes before the collision, they saw Hageman riding her bicycle near the middle of the Trace and that she did not move to the side of the road as cars passed her. He asserts that this testimony would have addressed the contested issue of whether Hageman was riding in the middle of the roadway at the time of the accident and would have influenced the jury's determination of whether he acted negligently or recklessly. Blount asserts that the district court's exclusion of these witnesses violated his constitutional rights to due process and to a fair trial.

While the district court did not state with precision the evidentiary basis for its decision to exclude the disputed testimony, the record supports that the district court excluded the testimony pursuant to Federal Rule of Evidence 403 because it found that its probative value was substantially outweighed by its prejudicial potential. The standard of review for a district court's decision to refuse admission of evidence pursuant to Rule 403 is abuse of discretion. *United States v. Jimenez*, 256 F.3d 330, 341 (5th Cir. 2001).

Blount has not established that the district court abused its discretion in excluding the witnesses' testimony. *See id.* The witnesses' testimony regarding Hageman's conduct at a time and place relatively remote from the accident was not instructive of the manner in which Hageman was operating the bicycle at or near the time of the collision and, therefore, did not have substantial probative value. Further, the witnesses' testimony that Hageman was riding in the middle of the Trace and, despite the presence of cars, continued to ride in the middle of

2

the road does not comport with Blount's contention that Hageman unexpectedly swerved into the middle of the roadway immediately prior to the accident; the incongruence between the manner in which the witnesses observed Hageman operating her bicycle and her purported conduct at the time of the accident supports that the witnesses' testimony was not probative. Finally, the testimony was not probative of whether Blount's culpability was mitigated by Hageman's position on the road because the witnesses did not state that Hageman operated her bicycle in a manner that precluded evasive action or that her location in the road rendered it unavoidable that she would be struck. Thus, Blount has not shown that the district court abused its discretion in finding that the danger of unfair prejudice, confusion of the issues, or misleading the jury substantially outweighed the probative value of the witnesses' testimony. *See Jimenez*, 256 F.3d at 341.

Blount also asserts that the district court erred in concluding that Section 63-11-30 of the Mississippi Code was properly assimilated under the ACA. He alleges that the district court's ruling in favor of assimilation was premised upon an analysis that has been rejected by the Supreme Court – i.e., the "precise acts" test – and that the federal statute criminalizing involuntary manslaughter, § 1112, governs his conduct. We review questions of statutory interpretation de novo. *United States v. Williams*, 602 F.3d 313, 315 (5th Cir. 2010).

In determining whether a state crime may be assimilated under the ACA, a court must first determine whether "the defendant's 'act or omission . . . [is] made punishable by *any* enactment of Congress.'" *Lewis v. United States,* 523 U.S. 155, 164 (1998) (citing § 13(a) (emphasis added)). Ordinarily, if the answer is "no," the state statute may be assimilated. *Id.* If the answer is "yes," the court must then ask whether the applicable federal law indicates an intent to punish the relevant conduct to the exclusion of the state statute at issue. *Id.* at 164-65. The Supreme Court has effectively rejected as too narrow an analysis that allows

assimilation as long as the federal statute does not proscribe the "precise act" covered by the state statute. *Id.* at 163-64.

The record supports that the district court may have improperly relied on the "precise acts" test to determine that Section 63-11-30 of the Mississippi Code was properly assimilated. However, any error was harmless. *See* FED. R. CRIM. P. 52(a). We previously have considered whether a Texas state statute that is substantively similar to Section 63-11-30 of the Mississippi Code was properly assimilated under the ACA and held that assimilation was not error. *See United States v Key*, 599 F.3d 469, 477-80 (5th Cir. 2010). We are bound by our prior precedent absent an en banc or superseding Supreme Court decision. *United States v. Lipscomb*, 299 F.3d 303, 313 n.34 (5th Cir. 2002).

Blount further alleges that the district court wrongly concluded that he should be assessed a base offense level of 22 under U.S.S.G. § 2A1.4(a)(2)(B) on the basis that his offense of conviction involved the reckless operation of a means of transportation. He argues that the sole offense of which he was convicted and sentenced, i.e., Section 63-11-30 of the Mississippi Code, requires only negligent conduct and, therefore, the proper base offense level was 12 under § 2A1.4(a)(1). Blount argues that the circumstances of this case do not support that he acted recklessly.

We review the district court's interpretation and application of the Sentencing Guidelines de novo and its findings of fact for clear error. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). Because Blount contests the district court's determination that there was sufficient evidence that he acted recklessly, he seeks to challenge a finding of fact that we review for clear error. *See id.* A factual finding is not clearly erroneous if it is plausible in light of the record as a whole. *Id.*

Section 2A1.4 prescribes the base offense levels for defendants convicted of offenses analogous to involuntary manslaughter. The guideline recommends a base offense level of 12 if the offense involved criminally negligent conduct, and

a base offense level of 14 when the offense involved reckless conduct. § 2A1.4(1), (2)(A). The guideline states that a base offense level of 22 applies if the offense "involved the reckless operation of a means of transportation." § 2A1.4(2)(B). The application notes to the guideline define "reckless" to include, inter alia, "all, or nearly all," convictions for involuntary manslaughter under § 1112, and state that a homicide resulting from driving while under the influence of drugs should ordinarily be treated as reckless. § 2A1.4 cmt. (n.1).

The record supports that the district court did not clearly err in finding that Blount recklessly operated a vehicle and should be assigned a base offense level of 22 under § 2A1.4(2)(B). *See Cisneros-Gutierrez*, 517 F.3d at 764. He was convicted of committing a homicide while driving a vehicle under the influence of morphine, *see* § 2A1.4 cmt. (n.1), and, although the charge was dismissed after trial as multiplicitous, he also was convicted of involuntary manslaughter under § 1112, which requires a wanton or reckless disregard for human life as the requisite culpability. *See id.*; *United States v. Browner*, 889 F.2d 549, 553 (5th Cir. 1989). This court may consider conduct that is charged in dismissed counts of an indictment for purposes of sentencing. *United States v. Vital*, 68 F.3d 114, 118-19 (5th Cir. 1995). This case does not involve extraordinary circumstances that render Blount's conduct only criminally negligent.

Blount finally contends that the district court erred by varying upwardly from the advisory guidelines range of 63 to 78 months of imprisonment and imposing a sentence of 120 months of imprisonment. He asserts that the extent of the deviation is excessive and that an upward variance was not justified under the circumstances. Because Blount did not raise this argument in the district court, our review is for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009).

The district court's determination that a 120-month sentence was proper is justified by the 18 U.S.C. § 3553 sentencing factors and is not unreasonable under the circumstances. To the extent that Blount disagrees with his sentence

and the district court's weighing of the § 3553(a) factors, he has not shown that the district court erred on that basis. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Furthermore, under the totality of the circumstances, the 120-month sentence, which was significantly less than Blount was eligible to receive if he had been prosecuted for the instant offense in state court, *see* MISS. CODE ANN. § 63-11-30(5); *United States v. Marmolejo*, 915 F.2d 981, 984 (5th Cir. 1990), was not so disproportionate as to overcome the factors supporting its imposition. *See United States v. Brantley*, 537 F.3d 347, 348-50 (5th Cir. 2008).

AFFIRMED.